UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD SCOTT and DEBI THOMAS,   )
                                 )
              Plaintiffs,        )
                                 )
                                 )   Case No.:
     vs.                         )
                                 )
KANELAND COMMUNITY UNIT          )
                                 )
SCHOOL DISTRICT # 302, DR. JEFF  )
                                 )
SCHULER; MARTNE MCCOY; DR        )
                                 )
CHARLES McCormick                )
                                 )
              Defendants         )

## COMPLAINT

Now come the plaintiffs, Richard Scott and Debi Thomas, by and through their attorney, Steven
E. Glink, and complaining against the defendants, Kaneland Community Unit School District #
302, Dr. Jeff Schuler, Martne McCoy and Dr. Charles McCormick, states as follows:

### JURISDICTION AND VENUE

1. This action arises under The Americans with Disabilities Act; 42 USC 12101, et seq.,
   Section 504 of the Rehabilitation Act, 29 USC 794, Title IX of the Education
   Amendments of 1972, 20 USC 1681, et seq., and 42 USC 1983, 1988.

2. Jurisdiction is proper pursuant to 28 USC 1331.

3. Venue is proper pursuant to 28 USC 1392.

### PARTIES

4. At all times relevant to this Complaint, Richard Scott ("Richard") was employed by the
   board of education for Kaneland CUSD # 302 ("the district") as a tenured teacher.

-1-

5. At all times relevant to this complaint, Debi Thomas ("Thomas") was the wife of Richard Scott.

6. At all times relevant to this complaint, the district was a municipal corporation and a body politic established and operated pursuant to the laws of the State of Illinois.

7. At all times relevant to this complaint, Dr. Jeffrey Schuler ("Schuler") was the assistant superintendent of the district.

8. At all times relevant to this complaint, Martne McCoy ("McCoy") was the principal of McDole Elementary School, which is a part of the district. McCoy is a female.

9. At all times relevant to this complaint, Dr. Charles McCormick ("McCormick") was the superintendent of the district and was a final decision maker under the law.

10. At all times relevant to this Complaint, the individual defendants were empowered by various state laws to operate the school district and/or McDole School. The individual defendants were also charged with the duty and responsibility to make various decisions regarding employees such as performance evaluations, job transfers and whether to provide reasonable accommodations to district employees.

11. The district's principal place of business is Kendall County, Illinois. All individual defendants are employed in Kendall County, Illinois.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Richard Scott is a male fifth grade teacher at the McDole Elementary School. Richard is the only male classroom teacher at the school.

13. Richard has been diagnosed with severe ADD and major depression. These conditions substantially limit at least one of Richard's daily life functions, to wit., working. in addition, Richard has a record of these impairments and is regarded as impaired.

14. All of the defendants had knowledge of Richard's impairments as Richard had disclosed his impairments to them and as Richard had made several requests for reasonable accommodations.

15. Richard is a qualified individual with a disability as he can perform the essentials of his job (i.e., teaching) with or without reasonable accommodations.

16. On information and belief, the district is a recipient of federal funds.

17. A right to sue letter was issued to Richard by the U.S. EEOC on April 26, 2010 (a copy of said letter is attached). The right to sue letter was received by Richard on or about April 30, 2010.

### COUNT I-VIOLATION OF TITLE IX (SEX DISCRIMINATION)

18. Richard has been a teacher in the district for 14 years. Until three years ago, Richard consistently received excellent performance evaluations. He also received several teaching awards and many accolades.

19. Approximately three years ago, McCoy became the assistant principal and McDole School. Almost immediately after McCoy became the assistant principal, she began lowering Richard's performance evaluations.

20. McCoy became the principal of McDole Elementary in 2008. After becoming the principal, McCoy continued to lower Richard's performance evaluations and continued to severely criticize Richard's teaching techniques.

21. Based upon McCoy's performance evaluations and performance criticisms, Richard was placed on several remediation plans by the defendants.

22. As the only male teacher in the building, Richard was often excluded from various social activities. For example, Richard was not invited to lunch with all of the female teachers. Nor was he invited to parties where all of the female teachers have been invited.

23. On information and belief, Richard has been treated differently than his female counterparts by the defendants based upon his gender (male) in that he has been subjected to over-rigorous scrutiny in his job performance as compared with the scrutiny imposed upon his female counterparts. In addition, Richard has been ostracized from socializing with his female counterparts.

24. Schuler and McCormick were aware that Richard was being treated differently than his female counterparts and either acquiesced to this treatment or directly condoned this differing treatment.

25. Title IX is a federal law designed to protect an individual from discriminatory treatment based upon his gender.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor and against the defendants, jointly and severally, in an amount in excess of $75,000.00 plus an award of costs and attorney's fees as the Court deems appropriate.

## COUNT II- VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff realleges his allegations in paragraphs 1-25 above as his allegations for this count.

27. The ADA prohibits a covered entity from discriminating against an individual based upon (amongst other things) his disabilities.

28. The ADA requires an employer to provide reasonable accommodations to its disabled employees.

29. Richard is disabled as defined by the ADA.

30. On several occasions during the 08-09 and the 09-10 school year, Richard asked the defendants to transfer him from McDole to ??junior high school, a school in the district as a way to make a reasonable accommodation for his disabilities.

31. The defendants summarily rejected each and every such request.

32. Richard's requested accommodation was reasonable and would not have been unduly burdensome for the district.

33. As a direct and proximate result of the defendants' joint failure to provide any reasonable accommodation for Richard's disabilities, Richard's depression was exacerbated to the point that he required an in patient hospitalization, continuing out patient treatment and multiple leaves of absences from work.

34. Defendants' refusal to provide reasonable accommodations to Richard was a violation of his rights under the ADA.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor and against the defendants' jointly and severally in an amount in excess of $75,000.00 plus costs and reasonable attorney's fees as the Court deems appropriate.

## COUNT III-VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

35. Plaintiff realleges his allegation contained in paragraphs 1-34 as his allegations for this count.

36. Section 504 is another anti-discrimination federal statute that prohibits discrimination in employment based upon (amongst other things) an individual's disability.

37. Richard is a member of the protected class under section 504 as alleged above.

38. Richard made numerous requests to the defendants for reasonable accommodations as alleged above.

39. Defendants jointly denied Richard's requests for reasonable accommodations.

40. As a direct and proximate result of the defendants' denial of Richard's requests for reasonable accommodations, Richard was injured as alleged above.

WHEREFORE, plaintiff respectfully prays that this Honorable court enter a judgment on his behalf and against the defendants, jointly and severally in an amount in excess of $75,000.00 plus costs and reasonable attorney's fees as the Court deems appropriate.

## COUNT IV-PENDANT STATE CLAIM FOR INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

41. Plaintiff re-alleges his allegations in paragraphs 1-34 above as his allegation for this count.

42. At all times relevant to this complaint, defendants had a duty to refrain from acting in an extreme and outrageous manner toward Richard.

43. At all times relevant to this complaint, defendants had a duty to comply with the law that required them to provide Richard with reasonable accommodations for his disabilities.

44. Defendants knew or should have known that their denial of Richard's requested accommodations would cause Richard to suffer severe emotional distress.

45. In violation of their duty, defendants denied Richard's requests for reasonable accommodations.

46. On information and belief, the defendants intended that their actions would cause Richard to suffer severe emotional distress as an attempt to force him to resign his teaching position and/or to retaliate against Debi Thomas for her complaints to the defendants about the way the defendants were teaching her daughters.

47. Defendants' conduct as alleged above was extreme and outrageous, particularly because they used the power vested to them by virtue of the position of their office to inflict severe emotional distress upon Richard.

48. As a direct and proximate result of the defendants' conduct, Richard's depression was severely exacerbated to the point where Richard was forced to have one in patient hospitalization, continuing outpatient treatment and multiple leaves of absences from work.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in his favor and against the defendants, jointly and severally, in an amount in excess of $75,000.00 plus costs.

## COUNT V-LOSS OF CONSORTIUM FOR DEBI THOMAS

49. Plaintiffs reallege their allegations in paragraphs 1-34 and 41-48 herein.

50. At all times relevant to this complaint, defendants had a duty to Debi to refrain from conduct that would impair her marital relationship with Richard.

51. In violation of said duty, defendants repeatedly and intentionally denied Richard's requests for reasonable accommodations, knowing at all times that their refusal was exacerbating Richard's depression.

52. As a direct and proximate result of defendants' actions, Richard's depression severely escalated, which seriously impaired Debi's marital and conjugal relationship with Richard.

WHEREFORE, plaintiff Debi Thomas respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in an amount in excess of $75,000.00 plus costs.

Respectfully submitted,

By: S/ Steven Glink

Steven E. Glink

The Law Offices of Steven E. Glink
Attorney for Plaintiffs
3338 Commercial Avenue
Northbrook, Illinois 60062
847/480-7749 (Voice)
847/480-9501 (facsimile)