IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD SCOTT, et al., )
)
    Plaintiffs, )
)
v. ) No. 10 C 3871
)
KANELAND COMMUNITY UNIT )
SCHOOL DISTRICT #302, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss Counts III and IV. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Richard Scott (Scott) was allegedly employed by Defendant Kaneland Community Unit School District #302 (District) as a tenured teacher at McDole Elementary School (McDole). Defendant Dr. Jeffrey Schuler (Schuler) was allegedly the Assistant Superintendent of the District, and Defendant Dr. Charles McCormick (McCormick) was allegedly the Superintendent of the District. Scott

claims that he has been diagnosed with "severe ADD and major depression." (A. Compl. Par. 12). Approximately three years ago, Defendant Martne McCoy (McCoy) allegedly became the Assistant Principal at McDole. After McCoy became the Assistant Principal, McCoy allegedly began lowering Scott's performance evaluation scores despite the fact that Scott had received excellent ratings over the previous 14 years of work. In 2008, McCoy allegedly became the Principal of McDole. McCoy allegedly continued to give Scott low performance review scores and placed Scott on several remediation plans. McCoy also allegedly criticized Scott's teaching techniques. Scott claims that he told McCoy, Schuler, and McCormick that the criticisms from McCoy were exacerbating Scott's emotional distress. Scott allegedly requested to be transferred to a school where McCoy would not be his supervisor as an accommodation for Scott's alleged disability. Defendants allegedly refused the request and, as a result, Scott's depression was exacerbated to the extent that he required in-patient hospitalization and continuing out-patient treatment that resulted in multiple leaves of absence from work. Scott's wife Debi Thomas also claims that Scott's exacerbated depression impaired their marital conjugal relationship. Scott includes in his amended complaint a claim alleging disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (Count I), a claim alleging discrimination in violation of the

Rehabilitation Act, 29 U.S.C. § 794 *et seq.* (Count II), state law intentional infliction of emotional distress (IIED) claims (Count III), and loss of consortium claims (Count IV). Defendants now move to dismiss Counts III and IV.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

Defendants argue that the IIED claim and the loss of consortium claims are pre-empted by the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.*, and the Illinois Workers' Compensation Act (IWCA), 820 ILCS 305/1 *et seq.*. Defendants also argue that Scott has failed to allege sufficient facts to state an IIED claim.

I.  Pre-emption

Defendants contend that the IIED claim and the loss of consortium claims are pre-empted by the IHRA and IWCA. Defendants contend that there is pre-emption under the IHRA since the state law claims are based on the same facts that would support a civil rights violation under the IHRA. The IHRA protects individuals against discrimination in employment based on the individual's handicap. *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000). The IHRA pre-empts any state law claim that seeks "'redress for a civil rights violation within the meaning of [that] statute.'" *Id.* (quoting *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276 (Ill. 1994)). Also, state law claims that are "inextricably linked" to the duties instilled under the IHRA are pre-empted by the IHRA. *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). Conduct is actionable as a state law claim and not pre-

empted by the IHRA if "the conduct would be actionable even aside from its character as a civil rights violation" under the IHRA. *Krocka*, 203 F.3d at 517; *see also Naeem v. McKesson Drug Co.*, 444 F.3d 593, 602 (7th Cir. 2006) (explaining that claims are preempted under the IHRA unless "the plaintiff could establish the necessary elements of each tort independent of any legal duties created by the" IHRA). In the instant action, Scott's IIED claims are premised solely upon the facts relating to the alleged disability discrimination. There are no independent facts in the amended complaint that indicate that the IIED claim is not inextricably connected to the disability discrimination claims. Scott points to the employment relationship between Defendants and Scott and his emotional distress, which Scott claims was caused by Defendants' alleged conduct. However, the exacerbation of Scott's emotional condition is directly related to his alleged disability, and the alleged conduct by Defendants that Scott claims caused his distress is the very same conduct that Scott asserts was disability discrimination in his employment. Nor are there independent facts relating to the loss of consortium claim that would separate the alleged harm from the alleged conduct that forms the basis of the alleged disability discrimination claims. The loss of consortium claims are purely derivative of the IIED claims, and thus are likewise pre-empted by the IHRA. *See Johnson v. C&L, Inc.*, 1996 WL 308282, at *5 (N.D. Ill. 1996)(stating that "like the day follows the

night, consortium claims generally follow their predicate claims into preemption"). Thus, the state law claims in Counts III and IV are pre-empted by the IHRA. Defendants also contend that the state law claims brought against the District are pre-empted by the IWCA, but the court need not rule on that pre-emption issue since the state law claims are already pre-empted under the IHRA.

II. Facts to Support IIED Claim

Defendants also contend that Plaintiffs have failed to allege sufficient facts to state an IIED claim. Under Illinois law, for an IIED claim, a plaintiff must establish that "'(1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress or knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) the defendant's conduct did cause severe emotional distress.'" *Naeem*, 444 F.3d at 605 (quoting *Van Stan v. Fancy Colours & Co.,* 125 F.3d 563, 567 (7th Cir. 1997)). Defendants argue that Plaintiffs have failed to allege facts to indicate extreme and outrageous conduct. Extreme and outrageous conduct is defined as conduct that is "'so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community.'" *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010)(quoting *Kolegas v. Heftel Broad. Corp.,*

607 N.E.2d 201, 211 (Ill. 1992)). The facts alleged by Plaintiffs in the instant action, which include that McCoy allegedly gave Scott poor performance reviews at work and criticized his teaching, do not plausibly suggest conduct that would be deemed to be beyond all possible bounds of decency. Thus, Scott has failed to allege sufficient facts to state a valid IIED claim. Therefore, based on the above, we grant the motion to dismiss the IIED claims (Count III) and the loss of consortium claims (Count IV). We also note that, in their response to the instant motion, Plaintiffs request leave to file an amended complaint in the event that the court is considering granting the instant motion. However, Plaintiffs have not filed a formal motion seeking leave to file a second amended complaint, and a response to a motion to dismiss is not a proper filing in which to present a motion to the court.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' partial motion to dismiss Counts III and IV.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 9, 2010