Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3871 | **DATE** | 11/7/2011 |
| **CASE TITLE** | Richard Scott, et al. Vs. Martne McCoy, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion to dismiss Count V of Plaintiffs' amended complaint requesting declaratory judgment [58] is granted. All dates previously set on 09/28/11 to stand.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This matter is before the court on Defendants' motion to dismiss Count V. Plaintiff Richard Scott (Scott) was allegedly employed by Defendants as a teacher and was allegedly diagnosed at some point with severe Attention Deficit Disorder and depression. Scott contends that Defendants discriminated against him based on his alleged disability by giving him poor performance evaluations and by failing to accommodate his alleged disability. Scott also contends that after he filed a charge of discrimination with the Equal Employment Opportunity Commission, Defendants terminated Scott's employment in retaliation for the filing of the charge. Scott includes in his second amended complaint claims alleging that Defendants failed to accommodate Scott's alleged disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count I), failure to accommodate claims brought under the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 794 *et seq.* (Count II), ADA retaliation claims (Count III), Rehabilitation Act retaliation claims (Count IV), and a claim for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Count V). Defendants now move to dismiss Count V.

Scott seeks in his second amended complaint a declaration that Defendants' Temporary Illness or Temporary Incapacity Policy (Policy) violates Scott's rights under the ADA and the Rehabilitation Act. (SA

| STATEMENT |
|---|

Compl. 7-8). Defendants argue that since Scott is seeking a resolution of liability for the alleged violations of the ADA and Rehabilitation Act, the request for declaratory relief is not appropriate. The purpose of the Declaratory Judgment Act is to enable an "efficient resolution of disputes by an early adjudication of the rights of the parties." *Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 377 (7th Cir. 2010). The Seventh Circuit has indicated, for example, that a declaratory judgment might be appropriate to allow a party to file suit before damages begin to accrue or to allow a dispute to be resolved before it ripens into actionable claims. *Id.*; *see also NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994)(stating that the purpose of the Declaratory Judgment Act "is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued")(internal quotations omitted)(quoting *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1167 (7th Cir. 1969)); *Sarafin v. Sears, Roebuck and Co., Inc.*, 446 F. Supp. 611, 615 (N.D. Ill. 1978)(stating that "[c]ourts have declined to entertain actions for a declaratory judgment where the declaration would result in piecemeal litigation or would try particular issues without settling the entire controversy").

Scott provides no basis to allow the declaratory judgment claim to remain other than arguing that the claim "would be very useful," and that a "declaratory judgment might facilitate the litigation." (Ans. 3). However, Scott has failed to adequately explain why the declaratory judgment claim will promote the efficient resolution of this action or any other dispute. Scott does not indicate that any additional damages are currently accruing or will accrue in the future. Nor has Scott shown that the declaratory judgment claim will enable him and Defendants to resolve a dispute before it ripens into an actionable claim. Nor has Scott shown that the declaratory judgment claim will in any way clarify the parties' rights in an efficient manner.

Scott also argues that the issue of whether the Policy violates Scott's rights under the ADA and Rehabilitation Act involves questions of fact and law. While that is true, such an inquiry regarding facts and law falls within the resolution of the ADA and Rehabilitation Act claims presented by Scott in the instant action. Thus the declaratory judgment claim is not appropriate in this action and Defendants' motion to dismiss Count V is granted.